UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                      Case No. 8:16-CR-422-T-27MAP

WILLIAM HAROLD WRIGHT, JR.

_____/

## ORDER

Before the Court is Defendant's Motion to Dismiss Indictment (Dkt. 65) and the United States' opposition (Dkt.71). Upon consideration, Defendant's Motion to Dismiss is DENIED.

Defendant is charged in a seven count Indictment with conspiracy to possess with intent to distribute and distribute one kilogram or more of heroin (Count One) and knowingly and intentionally possessing, and aiding and abetting another in possessing with intent to distribute heroin on six different dates (Counts Two through Seven). Count Two, Three and Four do not allege a quantity of heroin, while Counts Five, Six and Seven allege a quantity of more than 100 grams. (Dkt. 9).

Defendant first contends that the indictment fails to provide adequate notice of the charges against him. He relies on Rule 7(c), Fed.R.Crim.P., which provides that an Indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . ." Specifically, he contends that Count One is deficient because it alleges an "open ended conspiracy," fails to identify the co-conspirators, and fails to define "elsewhere." Paraphrasing his contention, Count One fails to provide notice of when he committed the offense, with whom, and where.

Defendant's contentions are without merit. "To pass constitutional muster, an indictment must be sufficiently specific to inform the defendant of the charge against him and to enable him to plead double jeopardy in any future prosecutions for the same offense." *United States v. Yonn*, 702 F.2d 1341, 1348 (11th Cir. 1983). More specifically, an Indictment is sufficient is it alleges the (1) essential elements of the charged offense, (2) notifies the accused of the charges, and (3) enables the accused to rely upon a judgment entered under the Indictment as a bar against double jeopardy. *United States v. Jordan*, 582 F.3d 1239, 1245 (11th Cir. 2009). And an Indictment is sufficient if it tracks the statute under which the accused is charged and provides a statement of facts that provides notice of the offense. *United States v. McNair*, 605 F.3d 1152, 1186 (11th Cir.), cert. denied, 562 U.S. 1270 (2011). Significantly, for purposes of Defendant's contentions, an Indictment need not allege the factual proof supporting the charges. *United States v. Crippen*, 579 F.2d 340, 342 (5th Cir. 1978). Moreover, "an indictment for conspiracy to commit a criminal offense need not be as specific as a substantive count." *United States v. Ramos*, 666 F.2d 469, 475 (11th Cir. 1982).

Relevant to Defendant's contentions, the time and location, drug amount, and purchasers involved are not essential elements of a drug offense. *United States v. Steele*, 178 F.3d 1230, 1234 (11th Cir. 1999). An allegation that an offense occurred in a federal judicial district is sufficient to describe the location. *Id.* at 1234). And an allegation that a conspiracy was committed during a certain duration of time is sufficient. *United States v. Yonn*, 702 F.2d 1341, 1348 (11th Cir. 1983).

First, Count One alleges the essential elements of the charged conspiracy.[1] And Count One

---

[1] The essential elements of a conspiracy under 21 U.S.C. §§ 846 and 841(b)(1)(A) are:

(1) an agreement between two or more people to possess with intent to distribute and distribute the drugs, (2) the defendant knew of the conspiratorial goal, and (3) that he knowingly joined or participated in the illegal venture. *United States v. Reeves*, 742 F.3d 487, 497 (11th Cir. 2014). The Indictment in this case alleges these essential elements of the charged conspiracy, and the

2

sufficiently alleges the temporal duration of the conspiracy charged, as well as the location in which it was committed ("From an unknown date, which was at least in 2015, through on or about September 28, 2016, in the Middle District of Florida and elsewhere . . .").[2] Considering the fluid and typically clandestine nature of a drug trafficking conspiracy, this allegation provides sufficient notice to Defendant of what he is charged with having conspired to do, the "when" and the "where" of the charged conspiracy, and the involvement of others. And while the unindicted co-conspirators, known and unknown, are not identified ("other persons both known and unknown to the Grand Jury"), Defendant cites no authority requiring an Indictment to identify unindicted co-conspirators.[3]

Counts Two through Seven likewise track the language of the statutes under which Defendant is charged, and each count alleges the essential elements of the offenses charged: (1) defendant's knowing or intentional, (2) possession of a controlled substance, (3) with intent to distribute that substance. 21 U.S.C. § 841(a)(1). *See United States v. Green*, 296 F. App'x 811, 813 (11th Cir.), *cert. denied*, 555 U.S. 1201 (2009). And 18 U.S.C. § 2 allows one to be punished as a principal if he "aids, abets, counsels, commands, induces or procures" the commission of an offense against the United States. And that is what the Indictment alleges in Counts Two through Seven. On six different dates.

In sum, the indictment alleges the essential elements of the charged offenses, adequately

---

nature of and quantity of the substance involved. *See* Eleventh Circuit Pattern Jury Instructions (West 2003, 2010).

[2] This temporal description of the duration of the conspiracy in Count One is more specific than the "open-ended" allegation in the indictment in *United States v. Cecil*, 608 F.2d 1294, 1297 (9th Cir. 1979) ("beginning on or before July, 1975, and continuing thereafter until on or after October, 1975").

[3] Indeed, in discovery, the Government has identified the co-conspirators it expects to call as witnesses, and Defendant has undertaken to discover materials he intends to use to cross examine and impeach those individuals. See Dkts. 11 at 3, ¶ 4; 49, 52; 58, 59; 60, 63, 66: 67, 68

notifies Defendant of the charges, and enables him to rely on any judgment entered under the Indictment as a bar against double jeopardy. Although the Indictment could have alleged more, the Due Process Clause does not require more. *United States v. Yonn, supra.*

**DONE AND ORDERED** this 1st day of May, 2017.

/s/ Whittemore
JAMES D. WHITTEMORE
**United States District Judge**

Copies to: Counsel of Record