UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                                    Case No. 8:16-CR-422-T-27MAP

WILLIAM HAROLD WRIGHT, JR.

_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion for New Trial (Dkt. 226), and the United States' opposition (Dkt. 229). Upon consideration, Defendant's motion is DENIED.[1]

Defendant, without supporting description or documentation, contends that new, exculpatory evidence exists which was not made available to him before trial, and which would have made him "better able to impeach the witnesses and gain his acquittal.[2] This unsupported contention is without merit.

Where there has been a suppression of favorable evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the nondisclosed evidence is material: "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375,

---

[1] The United States correctly contends that Defendant's motion, to the extent it raises any grounds other than newly discovered evidence, is untimely under Rule 33(b)(2).

[2] Counsel candidly represents that he is relying on Defendant's representations, as he did not represent Defendant when discovery was provided.

1

3383, 87 L.Ed.2d 481 (1985). *United States v. Alzate*, 47 F.3d 1103, 1109–10 (11th Cir. 1995).

Before trial, the United States provided Defendant with extensive discovery. Moreover, on his own, with the assistance of counsel, Defendant obtained voluminous jail telephone recordings of co-conspirators who testified against him at trial, for use as impeachment. And before trial, he repeatedly sought police reports and statements of the cooperating witnesses. For example, just before trial, his *pro se* Motion to Compel Exculpatory Evidence and Specific Production of Statement, Document of Information (Dkt. 163) was denied, based on the Government's response (Dkt. 167). Similarly, the Magistrate Judge denied his earlier Motion(s) to Compel (Dkts. 151, 153; 161, 162).

In sum, Defendant was provided and obtained extensive discovery and utilized that discovery to cross examine the United States' witnesses. Even if there exists additional impeachment material which may have contributed to his cross examination of the witnesses, he fails to make the requisite showing that there is a reasonable probability that had the evidence been disclosed, the result of his trial would have been different.[3]

Defendant next contends that he was "not afforded the opportunity to whole [sic] confront government witnesses," because he was not permitted to call two special agents, one of whom was present during trial and had testified before the Grand Jury. This contention merely reasserts his opposition to the Order granting the United States' Motion in Limine (Dkt. 186), which effectively quashed a subpoena issued to Special Agent Nowak (Dkt. 193). For the reasons stated on the record during the hearing on that motion, this contention is without merit.

---

[3] Defendant understandably does not challenge the sufficiency of the evidence supporting his convictions, since the evidence of guilt was overwhelming.

Next, Defendant contends that the United States presented false testimony during trial. This contention is likewise without merit. It is only the knowing use of perjured testimony that constitutes a due process violation. *Jacobs v. Singletary*, 952 F.2d 1282, 1287 n. 3 (11th Cir.1992). First, Defendant has not demonstrated that the testimony before the jury was false. Considered in the context of the trial as a whole, any perceived inconsistencies between the agents' trial testimony and investigative reports do not rise to the requisite level of deliberate deception through false testimony. Second, he fails to show that the prosecutor was aware that false testimony was presented. "[K]nowledge of falsity of testimony is not imputed to the prosecutor when a key government witness' testimony is in conflict with another's statement." *United States v. Lopez*, 985 F.2d 520, 524 (11th Cir. 1993), citing *United States v. Brown*, 634 F.2d 819, 827 (5th Cir.1981). And even assuming arguendo that the prosecutor should have corrected the perceived inconsistencies between the investigative reports and the witness' testimony, Defendant fails to show that the inconsistencies may have effected the outcome of his trial. *United States v. Lopez*, 985 F.2d 520, 523 (11th Cir. 1993) ("The standard of review is whether the prosecutor's failure to correct false evidence may have had an effect on the outcome of the trial.").

Next, Defendant maintains that the undersigned should have disqualified himself, contending that the undesigned "demonstrated dissatisfaction and annoyance with the Defendant, made inquiries of witnesses, and improperly instructed the jury by substituting cocaine for heroin in the instructions. These contentions are without merit.

As has been observed:

Applying the "extrajudicial source" standard, the Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," nor do "judicial remarks during the course of a trial that are critical or

> disapproving of, or even hostile to, counsel, the parties, or their cases." *Liteky v. United States,* 510 U.S. 540, 555–56, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994). The Court stated that judicial remarks "may" support a bias or partiality challenge "if they reveal an opinion that derives from an extrajudicial source; and will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* However, *"[n]ot establishing bias or partiality ... are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display."* Id.

*United States v. Marrero,* 219 F. App'x 892, 895 (11th Cir. 2007) (emphasis added).

A *pro se* defendant must follow the rules of procedure and evidence. *United States v. Hung Thien Ly,* 646 F.3d 1307, 1315 (11th Cir. 2011), citing *Faretta v. California,* 422 U.S. 806, 834 n. 46, 95 S.Ct. 2525, 2541 n. 46 (1975). The record will reflect that Defendant's conduct during trial was problematic, prompting numerous instructive comments and admonitions from the court. He was constantly reminded to ask questions of witnesses, rather than make lengthy statements of fact. While he remained courteous, he repeatedly ignored instructions from the court and demonstrated his unwillingness or inability to comply with those instructions and the proper procedure for questioning witnesses and presenting evidence. At times, his inability to effectively ask questions of witnesses resulted in the court making inquiry of those witnesses. Regardless, Defendant was provided wide latitude to examine witnesses and make argument to the jury.

A trial judge is "more than a mere moderator and is under a duty to question witnesses and comment on evidence when it appears necessary," including the interrogation of a witness "to clarify his testimony or to insure that a case is fairly tried." *United States v. Block,* 755 F.2d 770, 775 (11th Cir. 1985). And the court had "not only the right but a duty to assure that the trial was conducted in an orderly fashion." *United States v. Walker,* 559 F.2d 365 (5 Cir. 1977). Indeed, "[d]istrict courts are not required to indulge a pro se defendant's continuous attempts to inject extraneous and

4

irrelevant matter into the record." *United States v. Anderson*, 577 F.2d 258, 260 (5th Cir. 1978). Finally, admonishing a *pro se* defendant that he could only ask questions of witnesses is not improper. *See United States v. Scotton*, 647 F. App'x 947, 950 (11th Cir.), *cert. denied*, 137 S. Ct. 604, 196 L. Ed. 2d 484 (2016); *United States v. Lepiscopo*, 429 F.2d 258, 260 (5th Cir. 1970). Applying these standards, Defendant's contentions are without merit.

Finally, Defendant's contention that the jury instructions substituted cocaine for heroin are without merit. The jury instructions referenced only heroin. (Dkt. 201 at p. 9, 11, 12, 14). Defendant seizes upon a typographical error in the United States' proposed instruction on Counts Two, Three, Four, Five, Six and Seven, in which "cocaine or crack cocaine" was included in the pattern offense instruction (Dkt. 201 at p. 14). However, the instructions included a hand written correction by the court, which struck through "cocaine or crack cocaine" and " inserted "heroin." The jury was therefore correctly instructed. Moreover, the jury was instructed that "Defendant is on trial only for the specific crimes charged in the indictment." (Sdkt. 201 at p. 19). Accordingly, Defendant suffered no prejudice form the typographical error in the pattern offense instruction submitted by the United States.

**DONE AND ORDERED** this 30th day of May, 2018.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record, Defendant