UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                                    Case No. 8:16-CR-422-T-27SPF

WILLIAM HAROLD WRIGHT, JR.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's *pro se* Motion for New Trial (Dkt. 311). A response is unnecessary. The motion is **DENIED**.[1]

The jury convicted Defendant of conspiracy to possess with intent to distribute and to distribute one kilogram or more of heroin (Count One), and six counts of possessing and aiding and abetting another in possessing with intent to distribute heroin (Counts Two, Three, Four, Five, Six and Seven) (Dkt. 202). His appeal was recently reinstated (Dkt. 310).

His motion raises a claim of newly discovered evidence, Rule 33(b)(1), Fed. R. Crim. P. expressly provides "[i]f an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case." *See United States v. Hogan*, 181 F. App'x 803, 804 (11th Cir. 2006) (quoting *United States v. Fuentes-Lozano*, 580 F.2d 724, 726 (5th Cir. 1978) ("A motion for a new trial may be presented directly to the district court while the appeal is pending; that court may not grant the motion but may deny it, or it may advise us that it would be disposed to grant the

---

[1] Defendant represented himself at trial, assisted by stand-by counsel (Dkt. 182). After the verdict, counsel was appointed for sentencing and appeal purposes (Dkt. 204). Counsel's Motion for New Trial, which claimed newly discovered exculpatory evidence, among other issues, was denied (Dkt. 232). Defendant then moved to dismiss counsel (Dkt. 238), prompting counsel to move to withdraw (Dkt. 242). Both motions were granted (Dkts. 243, 244). After sentencing, new counsel was appointed for the appeal (Dkt. 249). Thereafter, Defendant unsuccessfully attempted to have new appellate counsel appointed (Dkt. 290). He then moved *pro se* to remand the case to the district court, contending that the case agent lied in his arrest warrant affidavit and that the United States knowingly presented false testimony of the agent, contentions he repeats in the instant motion (Dkt. 295). That motion was denied because his appeal was pending (Dkt. 296), as was his motion for reconsideration (Dkt. 300).

1

motion if the case were remanded."). And Rule 33(b)(1) provides that a motion for new trial based on any reason other than newly discovered evidence must be filed within 14 days of the verdict. To the extent the motion is based on allegations other than newly discovered evidence, such as the knowing use of perjured testimony or failure to disclose impeachment evidence, it is untimely.

In his motion, Defendant again repeats a contention he has made throughout this case, that there was undue delay between the offense and the filing of the Complaint, and intentional delay by the United States in presenting the case to the Grand Jury. Specifically, he contends that Special Agent Nowak made false averments in his search warrant affidavit and "lied" before the Grand Jury and before the Magistrate Judge. He adds that Special Agent Marotta testified falsely during trial about the events leading to his arrest. These contentions are based on Defendant's misguided interpretation of the time-line of events leading to his arrest, contentions advanced in his *pro se* pretrial motions (*see* Dkts. 102, 104, 124, 129, 139, 239), which were considered and denied in four orders (Dkts. 115, 132, 138, 245).

Defendant next contends that the United States knowingly presented false testimony through Special Agent Marotta, Kaysandra Lee, the wife of co-defendant Robert Lee, and cooperating witnesses Robert Lee, Ernest Wooten, Dalton Baptiste, and Dexter Kitchen. The essence of this contention, however, is that these witnesses were impeached through inconsistent statements and therefore their testimony was false. This contention is without merit.

In his first Motion for New Trial, Defendant made similar arguments, but without supporting description or documentation (Dkt. 226). He fares no better by relying on his cross examination of these witnesses. First, he has not demonstrated that the testimony of the witnesses was false. Considered in the context of the trial as a whole, any perceived inconsistencies in their trial testimony does not demonstrate that the testimony was false. Second, the perceived inconsistencies do not rise to the requisite level of deliberate deception through false testimony, and he therefore fails to show that the prosecutor would have been known the testimony was false merely because he believes the witnesses were impeached. *See United States v. Lopez*, 985 F.2d 520, 524 (11th Cir. 1993) ("[K]nowledge of falsity of testimony is not imputed to the prosecutor when a key government witness' testimony is in conflict with another's statement."). Last, he fails to show that the perceived inconsistencies may have effected the outcome of his trial. *Id.* at 523 ("The standard of review is

whether the prosecutor's failure to correct false evidence may have had an effect on the outcome of the trial.").

Defendant next contends that the United States failed to disclose impeachment evidence, citing *Giglio v. United States*, 405 U.S. 150 (1972). Specifically, he describes the testimony of Special Agent Marotta, and argues that the United States should have disclosed that Marotta told Kaysandra Lee that he would recommend that she not be prosecuted. But he relies on a jail recording he obtained during pretrial discovery to support this contention, and Marotta's trial testimony, hardly newly discovered evidence.

Next, he contends that the United States failed to disclose witness Kitchens' "psychological problems at the time of trial" that "cast doubt on his ability to testify truthfully before the jury." Defendant relies on Kitchens' trial testimony that he had a "mental illness," was "mild retarded," and was on medication. Kitchens volunteered this information during cross examination by Defendant. Notwithstanding, Defendant makes no showing of materiality, that is, that the mental health issues Kitchens had at the time of trial impacted his ability to testify accurately and truthfully.

Finally, even assuming, for the sake of argument, that the United States was under an obligation to disclose impeachment evidence with respect to any of these witnesses, Defendant fails to make the threshold showing of materiality, that is, "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985); *United States v. Alzate*, 47 F.3d 1103, 1109–10 (11th Cir. 1995).

**DONE AND ORDERED** this 1st day of October, 2019.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record, Defendant

3